WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jodi Cross,<br><br>    Plaintiff,<br><br>v.<br><br>United Stated of America,<br><br>    Defendant. | No. CV-20-00134-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction. (Doc. 8.) Plaintiff, who is proceeding pro se, did not file a response. For the following reasons, the Court will grant Defendant's Motion to Dismiss.

**Discussion**

Defendant filed the instant motion on April 1, 2020. (Doc. 8.) On April 3, 2020, the Court entered an order informing Plaintiff that under LRCiv 7.2(i),[1] Plaintiff's failure to respond to Defendant's Motion to Dismiss on or before May 4, 2020 may be treated as her consent to the granting of Defendant's motion without further notice, and judgment may be entered dismissing the action. (Doc. 11; *see also* Fed. R. Civ. P. 6(1)(C) (computing time); LRCiv. 12.1(b), 56.1(b) (setting forth time for responding to motion to dismiss for lack of subject matter jurisdiction)). The response time for Defendant's motion

---

[1] LRCiv 7.2(i) of the Rules of Practice and Procedure of the U.S. District Court for the District of Arizona provides that if a party "does not serve and file the required answering memoranda [to a motion], ... such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

has passed. Plaintiff did not file a response. In light of Plaintiff's failure to respond, this action is subject to summary dismissal under LR Civ. 7.2(i). *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal pursuant to local rule similar to LRCiv 7.2(i) where the pro se plaintiff failed to file an opposition to motion to dismiss, and stating "[p]ro se litigants are bound by the rules of procedure"); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

To determine whether dismissal is warranted, the Court must "weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (internal quotation marks and citation omitted). The first two factors favor dismissal as a sanction in most cases, while the fourth factor cuts against it. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Therefore, "[t]he key factors are prejudice and the availability of lesser sanctions." *Id*.

Here, the first three factors favor dismissal of this case. Plaintiff has made no effort to continue with this action as evidenced by her failure to oppose Defendant's motion. The Court notes that Plaintiff has made no filings in this case since it was removed to this Court in March 2020. Plaintiff's inaction has brought this case to a standstill. Likewise, Plaintiff's failure to respond results in prejudice to Defendant by impairing Defendant's ability to proceed to resolution of this action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action). The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has previously informed

Plaintiff of the consequences of her failure to respond. (*See* Doc. 11.) The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In this case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. This action will therefore be dismissed without prejudice.

For the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 8) is GRANTED and this action is dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and to close its file in this action.

Dated this 13th day of May, 2020.

Honorable Jennifer G. Zipps
United States District Judge